UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMORO EFETIE, | ) |
| Plaintiff, | ) CIVIL ACTION<br>) NO. 03-12367-PBS |
| v. | ) |
| UNITED STATES OF AMERICA, | ) Formerly:<br>) Roxbury District Court |
| Defendant. | ) Docket No. 0302-SC-0590 |

### UNITED STATES' MEMORANDUM IN SUPPORT
### OF MOTION TO DISMISS

The United States respectfully requests that this Court dismiss with prejudice the above-captioned matter pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Court lacks subject matter jurisdiction where Congress has not waived sovereign immunity for tort claims arising out of the loss or failure to transmit mail and where the plaintiff has failed to exhaust his administrative remedies before filing suit. See 28 U.S.C. §§ 2680(b) and 2675(a).

### FACTS

On or about October 16, 2003, the pro se plaintiff filed a "Statement of Small Claim and Notice of Trial" ("complaint") with the Roxbury District Court for the Commonwealth of Massachusetts.[1] The plaintiff appears to bring this lawsuit

---

[1] A copy of the plaintiff's complaint is attached as Exhibit 1.

under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), and 2671 through 2680. The plaintiff's complaint alleges a cause of action for damages arising out of the United States Postal Service's alleged negligent delivery of mail on or about July 3, 2003. Specifically, the plaintiff claims that an United States Postal Service employee[2] failed to notify the plaintiff about a parcel to be picked up at the post office and delivered the parcel to an unknown individual at the plaintiff's address. The plaintiff claims $1,640.00 in damages plus $40.00 in court costs.

## ARGUMENT

The Court lacks subject matter jurisdiction where Congress has not waived sovereign immunity for tort claims arising out of the loss or failure to transmit mail and where the plaintiff has failed to exhaust his administrative remedies before filing suit. See 28 U.S.C. §§ 2680(b) and 2675(a).

**I.   The Court lacks subject matter jurisdiction where Congress has not waived sovereign immunity for tort claims arising out of the loss or failure to transmit mail.**

The United States of America, as sovereign, is immune from suit unless it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). The Federal Tort Claims Act ("FTCA") constitutes a limited waiver of sovereign immunity for certain tort claims, and its provisions must be strictly construed.

---

[2]The plaintiff's complaint named postal employee Michael Higgins as the defendant. The United States of America must be substituted as defendant pursuant to 28 U.S.C. § 2679.

Dynamic Image Tech., Inc. v. United States, 221 F.3d 34, 39 (1st Cir. 2000). Although the federal government has consented to suit for certain tort claims in the same manner as a private individual under the terms of the FTCA, Congress expressly excluded thirteen types of cases from the scope of that consent, including suits for negligent delivery or loss of mail. See 28 U.S.C. § 2680(a)-(n). Because the instant claim falls within the mailing exclusion, it must be dismissed.

Congress explicitly excluded from FTCA coverage "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).[3] See also, Kosak v. United States, 465 U.S. 848, 855 (1984). The exception insures that the USPS may adopt procedures for the efficient delivery of mail free from the threat of lawsuits.

> The Postal Service is charged with the handling of an enormous amount of mail each day. Efficiency, both in

---

[3]Congress did provide a general waiver of immunity for the Postal Service in the Postal Reorganization Act of 1970, Pub.L.No. 91-375, 84 Stat. 719 (1970). The "sue-and-be-sued" clause of the 1970 Act, however, must be read together with § 409(c) of the same statute, in which Congress stated that in actions sounding in tort, the remedies and restrictions of the FTCA shall apply. Contemporary Mission, Inc. v. United States Postal Service, 648 F.2d 97 (2d Cir. 1981); Sportique Fashions, Inc. v. Sullivan, 597 F.2d 664, 665-668 n.2 (9th Cir. 1979) (dictum); Myers & Myers, Inc. v. United States Postal Service, 527 F.2d 1252 (2d Cir. 1975). If any more evidence of Congressional intent were necessary, the House Report to the 1970 Act specifically states that "(t)he Federal Tort Claims Act applies to the Postal Service." H.R.Rep.No.91-1104, 91st Cong., 2d Sess., reprinted in (1970) U.S.Code Cong. & Ad.News 3649, 3675.

> terms of speed and cost control, is imperative to the
> success of their mission. Congress created the
> exception in question to allow the Postal Service to
> initiate procedures to maximize efficiency without
> exposure to liability. Absent such protection, the
> Service would have to incur considerable expense, in
> terms of time, effort, and money, to address potential
> liability...

Robinson v. United States, 849 F. Supp. 799, 802 (S.D. Ga. 1994) (parentheticals omitted).

In the matter at hand, the plaintiff claims that a package was delivered to the plaintiff's address but was delivered to an unknown individual, therefore, plaintiff's claim falls within the scope of the exception to the waiver of sovereign immunity for tort claims in § 2680.

Accordingly, the Court lacks subject matter jurisdiction where Congress has not waived sovereign immunity for tort claims arising out of the loss or failure to transmit mail.

II. **The Court lacks subject matter jurisdiction where the plaintiff has failed to exhaust his administrative remedies before filing suit.**

The FTCA provides that "an action shall not be instituted upon a claim against the United States for money damages" unless the claimant first exhausts his or her administrative remedies. 28 U.S.C. § 2875(a). The administrative claim requirement mandates that a plaintiff presents a claim to the appropriate federal agency. Coska v. United States, 114 F.3d 319, 322 (1st Cir. 1997). The plaintiff failed to present a claim to the United States Postal Service. See Hooke Declaration attached as

4

Exhibit 2. Accordingly, the Court lacks subject matter jurisdiction to hear this matter.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court dismiss with prejudice the above-captioned matter pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure as the Court lacks subject matter jurisdiction where Congress has not waived sovereign immunity for tort claims arising out of the negligent transmission of mail and where the plaintiff has failed to exhaust his administrative remedies before filing suit. See 28 U.S.C. §§ 2680(b) and 2675(a).

    Respectfully submitted,
    MICHAEL J. SULLIVAN
    United States Attorney

    /s/ Christopher R. Donato
    Christopher R. Donato
    Assistant U.S. Attorney
    U.S. Attorney's Office
    John Joseph Moakley U.S. Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA   02210
    Tel. No. (617) 748-3303

## CERTIFICATE OF SERVICE

I certify that on this day a true copy of the defendant's Memorandum in Support of Motion to Dismiss was served by first class mail, postage prepaid, upon the pro se plaintiff at the following address:

Emoro Efetie
80 Walnut Ave, #9
Roxbury, MA 02119

Dated: November 24, 2003

    /s/ Christopher R. Donato
    Christopher R. Donato
    Assistant U.S. Attorney